USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/07/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
JULIO CESAR PRADO,                             :
                                               :
                                   Petitioner, :    22-CV-10810
                                               :    20-CR-506 (VEC)
              -against-                        :
                                               :
UNITED STATES OF AMERICA,                      :    ORDER
                                               :
                                   Respondent. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Petitioner Julio Cesar Prado, who is currently incarcerated at FCI Ray Brook, seeks, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, to recover property that was allegedly seized from him by law enforcement upon his arrest. *See* Pet'n, Dkt. 39.[1] Petitioner requests the return of two cell phones; a wallet, including its contents; and an unknown amount of cash. *Id.* at 1. For the following reasons, Petitioner's motion is DENIED.

## BACKGROUND

On August 27, 2020, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") for illegal reentry in violation of 18 U.S.C. §§ 1326(a) and (b)(2). *See* Figueiredo Decl., Dkt. 48-1, ¶ 4.

At the time of Petitioner's arrest, ICE seized two cell phones. *Id.* ¶ 4; ICE Mem., Dkt. 48-3; Gov't Letter, Dkt. 46. An ICE agent asked Petitioner for his address so the cell phones could be returned to him, but Petitioner refused to provide one even after the agent informed him that, without an address, the property would be destroyed. Figueiredo Decl. ¶ 4; ICE Mem. On

---

[1] All references to the docket in this opinion are to the criminal docket at 20-CR-0506 (VEC).

December 21, 2020, Petitioner pled guilty to illegal reentry.  Figueiredo Decl. ¶ 5.  ICE destroyed Petitioner's cell phones on January 5, 2021.  *Id.* ¶ 6; ICE Custody Receipt, Dkt. 48-2.

On December 19, 2022, Petitioner moved to recover two cell phones; a wallet, including its contents; and an unknown amount of cash.  *See* Pet'n, Dkt. 39.  On February 24, 2023, the Government responded that the requested property had either not been seized or had been destroyed in light of Petitioner's refusal to provide a mailing address, and that the petition should therefore be denied as moot.  *See* Gov't Letter, Dkt. 46.

On May 9, 2023, the Court ordered the Government to submit evidence in support of its letter.  *See* Order, Dkt. 47 (citing *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (holding that if a petitioner's property was destroyed or never seized, the Court must "take evidence and make factual findings" to confirm that the Government is not in possession of the property before deciding a Rule 41(g) motion)).  The Court also ordered that Petitioner's reply, due June 16, 2023, should include any objection to the Government's assertion that he waived his right to recover any destroyed property.  *Id.*

On May 16, 2023, the Government provided evidence in support of its letter.  *See* Dkt. 48.  To date, Petitioner has not replied.

## DISCUSSION

Under Rule 41 of the Federal Rules of Criminal Procedure, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  If property is still in the Government's possession, the Court may order the property's return "to its rightful owner."  *United States v. Romano*, No. 09-CR-170 (SJ), 2014 WL 5421234, at *2 (E.D.N.Y. Oct. 23, 2014).  If property is "lost, destroyed, or otherwise not available for return," however, a court may not order the United

States to pay money damages due to sovereign immunity. *Id.* (quoting *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004)). If property is no longer available for return and the Government has not waived its sovereign immunity, a Rule 41(g) motion must be dismissed. *Id.* (collecting cases).

The Government has adequately established that the property Petitioner seeks to recover either was never seized or has been destroyed. A sworn affidavit from the ICE officer who arrested Petitioner and who seized his property, the officer's arrest memorandum, and an ICE custody receipt reflect that only Petitioner's cell phones were seized, and that the phones were destroyed in light of Petitioner's refusal to provide a return address and his stated indifference to the phones' destruction. *See* Dkt. 48. Petitioner does not argue otherwise, nor does he request money damages. *See Aguilar v. United States*, 268 F. App'x 88, 90 (2d Cir. 2008) (affirming the district court's dismissal of a claim to recover property under Rule 41(g) because the court received a sworn affidavit from a Government official indicating that it no longer had custody of the plaintiff's property); *cf. Adeyi v. United States*, No. 06-CV-3842 (ARR), 2008 WL 793595, at *2–4, 8 (E.D.N.Y. Mar. 25, 2008) (denying motion to dismiss an action to return property pursuant to Rule 41(g) even though the property had been destroyed because, "[h]aving learned of the destruction of his property, [the petitioner] [made] clear" that he sought "actual and punitive damages" from the Government, which were possibly available through a *Bivens* claim against individual officers).

## CONCLUSION

For all of those reasons, Petitioner's motion is DENIED. The Clerk of Court is respectfully directed to close the open motion at Docket Entry 39 and to close the civil case at 22-CV-10810 (VEC). The Clerk of Court is further directed to mail a copy of this Order to Petitioner and to note the mailing on the docket.

**SO ORDERED.**

**Dated: July 7, 2023**
       **New York, NY**

                                                **VALERIE CAPRONI**
                                                **United States District Judge**